# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:13-CV-00081-TBR

BRIAN KEITH MOORE,                                                                       Plaintiff,

v.

PHILIP PARKER, *et al.*                                                                 Defendants.

## MEMORANDUM OPINION AND ORDER

Brian Keith Moore, a state inmate proceeding *pro se*, filed this action against various Kentucky Department of Corrections' personnel for allegedly violating his rights under the Eighth Amendment, the American with Disabilities Act, and the Rehabilitation Act. By prior opinion, the Court granted the Department summary judgment as to Moore's statutory claims not but as to his Eighth Amendment claims. *Moore v. Parker*, No. 5:13-CV-00081-TBR, 2015 WL 3407414, at *8 (W.D. Ky. May 26, 2015). While Department personnel temporarily denied Moore access to his walker, allegedly causing him to miss three meals and leaving him unable to reach the toilet, the Court held that those incidents were too isolated to support a claim under either Act. *Id.* Moore asks the Court to reconsider that opinion. R. 51 at 4 (Motion to Reconsider).

The Court may reconsider interlocutory orders under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see also Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009) (holding grant of partial summary judgment to be an interlocutory order). Reconsideration of an interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new

1

evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959) (internal quotation marks omitted). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7.

Moore's original filings in this case presented questions which the Court worked diligently to resolve, mindful of its responsibility to construe *pro se* allegations broadly to serve the interests of justice. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Moore essentially presents those same arguments with greater urgency in response to the Court's opinion. He identifies no change in controlling law and no new evidence of note, but rather argues that the Court committed clear error in its earlier opinion. The Court has reviewed its original opinion in light of any new or better arguments Moore has made. It is satisfied with its original judgment and does not consider further explanation or discussion of the case to be necessary. *See Johnson v. Crews*, No. 3:11CV-P213-M, 2011 WL 2119264, at *3 (W.D. Ky. May 26, 2011) ("[A] one-time, isolated incident is not enough to state a claim under the ADA."); *Doyle v. Clark*, No. 1:09-CV-1150, 2010 WL 2540740, at *3 (W.D. Mich. June 15, 2010) ("The fact that Plaintiff was denied use of the TTY telephone on one occasion fails to implicate the ADA or the RA."). The Court stands by its original decision for the reasons stated then and now.

**IT IS HEREBY ORDERED** that Plaintiff Brian Keith Moore's Motion to Reconsider (R. 51) is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:   Plaintiff, *pro se*
      Counsel of Record