UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00081-TBR

BRIAN KEITH MOORE,                                                                        Plaintiff,

v.

PHILIP PARKER, *et al.*,                                                              Defendants.

## MEMORANDUM OPINION AND ORDER

Brian Keith Moore, a state inmate proceeding *pro se* and *in forma pauperis*, filed this action against various Kentucky Department of Corrections' personnel for allegedly violating his rights under the Eighth Amendment. *See Moore v. Parker*, No. 5:13-CV-00081-TBR, 2015 WL 3407414, at *8 (W.D. Ky. May 26, 2015). In a prior opinion, the Court denied Moore's request to appoint an attorney to represent him. *See* R. 35 at 1–3 (Memorandum Opinion and Order). Now, Moore asks the Court to reconsider that decision. *See* R. 55 at 3 (Motion to Reconsider).

The Court may reconsider interlocutory orders (such as an order refusing to appoint counsel) under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see also Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 759 (6th Cir. 1985) (en banc) (holding orders denying appointed counsel to be interlocutory). Reconsideration of an interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir.

1

2009) (quoting *Rodriguez*, 89 F. App'x at 959) (internal quotation marks omitted). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7.

Far from a constitutional right, as this Court explained earlier, *see* R. 35 at 1–2, the appointment of counsel to civil litigants is a privilege justified only by exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993); *Richmond v. Settles*, 450 F. App'x 448, 452–53 (6th Cir. 2011). To determine if such circumstances are present, the Court must consider the complexity of the factual and legal issues involved, the type of case, and the ability of the plaintiff to represent himself. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005). The decision is one entrusted to this Court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added)); *see also Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).

In this case, there are still no exceptional circumstances warranting the appointment of counsel. *See* R. 35 at 2–3. While Moore says he is ill-suited to represent himself, *see* R. 55 at 2, ¶ 4, his filings before this Court reveal that he "is sufficiently articulate and able to present his case," R. 35 at 2, his alleged physical infirmities notwithstanding, *see* R. 55 at 2–3, ¶ 5. Throughout this proceeding, Moore has demonstrated his ability to litigate this case in a *pro se* capacity by, for example, surviving a motion for summary judgment. *See Carlisle-El v. Bradley*, 208 F.3d 212, 2000 WL 302770, at *2 (6th Cir. 2000) (unpublished table decision) (finding *pro se* litigant exhibited ability to try case after he successfully opposed a motion for summary judgment); *cf. Naturalite v. Hood*, 98 F. App'x 401, 403 (6th Cir. 2004) (unpublished

order) (finding *pro se* litigant displayed capacity to try case after he survived a motion to dismiss). Contrary to Moore's suggestion, *see* R. 55 at 1–2, ¶¶ 3–4, his case involves only a single, non-complex claim for excessive force, *see Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (per curiam) (characterizing 42 U.S.C. § 1983 claim for excessive force as "non-complex"); *cf. Mitchell v. Palk*, 983 F.2d 1067, 1992 WL 367661, at *1 (6th Cir. 1992) (unpublished table decision) (declining to appoint counsel in appeal from an adverse verdict on 42 U.S.C. § 1983 claim for excessive force). In short, Moore's ability to represent himself is not so lacking—and this case is not so complex—as to create extraordinary circumstances calling for the appointment of counsel.

**IT IS HEREBY ORDERED** that Plaintiff Brain Keith Moore's Renewed Motion for Appointment of Counsel, R. 55, is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record

3