# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION
### CIVIL ACTION NO. 5:13-CV-00081-TBR

BRIAN KEITH MOORE,                                              Plaintiff,

v.

PHILIP PARKER, *et al.*,                                        Defendants.

## MEMORANDUM OPINION AND ORDER

Brian Keith Moore, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a self-styled motion *in limine* in anticipation of the jury trial scheduled to begin on June 22, 2016. *See* R. 57 at 1–3 (Motion in Limine).

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently,

the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate."  *Id.* (citing *Luce*, 713 F.2d at 1239).

In this case, even construing Moore's request liberally, the Court is unable to decipher what evidence he seeks to exclude and, necessarily, the grounds for exclusion. *See* R. 60 at 1 (Response to Motion in Limine).  Therefore, the Court will defer its evidentiary rulings until trial so that any questions regarding foundation, relevance, and potential prejudice can be resolved in the proper context.

**IT IS HEREBY ORDERED** that Brian Keith Moore's Motion in Limine, R. 57, is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record