UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00081-TBR

BRIAN KEITH MOORE,                                                                              Plaintiff,

v.

PHILIP PARKER, *et al.*,                                                                        Defendants.

## MEMORANDUM OPINION AND ORDER

Brian Keith Moore has filed a motion *in limine* to exclude any evidence, reference, testimony, or argument regarding his prior criminal convictions, sentence, and prison disciplinary record. For the reasons explained more fully below, Brian Keith Moore's Motion in Limine, [R. 88], is **GRANTED IN PART** and **DENIED IN PART**.

### I.

The general facts of this case are described in the Court's prior opinion, *Moore v. Parker*, No. 5:13-CV-00081-TBR, 2015 WL 3407414, at *1–3 (W.D. Ky. May 26, 2015). Briefly, Brian Keith Moore, an inmate incarcerated at the Kentucky State Penitentiary, filed this 42 U.S.C. § 1983 action against Captain Jay Jones, Sergeant Anthony Hale, and Corrections Officers Richard Moore, Douglas Mumma, and Christopher West in 2013. Though nuanced and subject to many factual disputes, the ultimate issue for the trier of fact to resolve is whether the correctional officers used excessive force when removing Moore from his cell, thereby violating his Eighth Amendment rights.

1

## II.

### A.

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Dietz v. Bouldin*, ⸺ U.S. ⸺, ⸺, 136 S. Ct. 1885, 1891 (2016); *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### B.

Evidence is "relevant" if it has "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. The standard for relevancy is "liberal" under the Federal Rules of Evidence. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006); *United States v. Whittington*,

455 F.3d 736, 738 (6th Cir. 2006). A piece of evidence "does not need to carry a party's evidentiary burden to be relevant; it simply has to advance the ball." *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009).

Generally speaking, all relevant evidence is admissible. *See* Fed. R. Evid. 402. No rule, however, is without exception: Even relevant evidence may be excluded "if its probative value is substantially outweighed by [the] danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court enjoys broad discretion when it decides questions of relevance and possible prejudice. *See Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).

### III.

#### A.

First, Moore seeks to exclude any reference to his convictions for first-degree robbery, kidnapping, and capital murder. [*See* R. 88 at 1–5 (Motion in Limine).] He argues that evidence of his convictions is not relevant, as defined in Federal Rule of Evidence 401, [*see id.* at 1–3], and, in any event, is inadmissible under Federal Rule of Evidence 403 due to its unfairly prejudicial nature, [*see id.* at 3–5]. The Court disagrees.

The fact of Moore's conviction is relevant to impeach his character for truthfulness. *See* Fed. R. Evid. 609(a)(1)(A); *Runkle v. Fleming*, No. 11-138-HRW, 2015 WL 10890127, at *2 (E.D. Ky. Sept. 24, 2015); *Smith v. Wal-Mart Stores East, L.P.*, No. 5:05-224-JMH, 2006 WL 2644963, at *2 (E.D. Ky. Sept. 14, 2006). It has been long-established that evidence bearing on a witness's credibility, or character for truthfulness, "is always relevant." *United States v. Vandetti*, 623 F.2d 1144, 1150 (6th Cir. 1980).

Federal Rule of Evidence 609(a)(1)(A), in turn, identifies use of a felony conviction as one of the many ways to call a witness's credibility into question. Fed. R. Evid. 609(a)(1)(A). While Moore argues his past convictions for crimes of violence have little to do with his character for truthfulness, [*see* R. 88 at 2–3], Rule 609(a) says otherwise, *see Donald v. Wilson*, 847 F.2d 1191, 1197–98 (6th Cir. 1988).[1] Therefore, Moore's convictions are relevant for purposes of impeachment.

Likewise, the probative value of impeaching Moore's testimony with his felony convictions is not substantially outweighed by the risk of undue prejudice. *See* Fed. R. Evid. 403; *see also* Fed. R. Evid. 609(a)(1)(A). The resolution of this action will depend, in substantial part, on the jury's judgment as to the credibility of the witnesses, including Moore. [*See* R. 88 at 2.] Consequently, the probative value of evidence bearing on Moore's credibility is "high." *Johnson v. Baker*, No. 1:08-CV-00038, 2009 WL 3514578, at *5 (W.D. Ky. Oct. 29, 2009). The likelihood of prejudice, by contrast, is low. In the main, the jury will already know Moore is a convicted person "as the entire scenario unfolds in a jail." *Donald*, 847 F.2d at 1198; *see also Runkle*, 2015 WL 10890127, at *2 (same). The fact of Moore's criminal record, in other words, will not be interjected into this case "out of the blue." *Donald*, 847 F.2d at 1198. The mere possibility of some prejudice does not substantially outweigh probative value of impeaching Moore's testimony using the fact of his prior convictions. *See Blackshear v. City of Canton*, 810 F.2d 199, 1986 WL 18385, at *1–2 (6th Cir. 1986) (unpublished table decision). Accordingly, the fact—though not the substance or details—of Moore's

---

[1] While *Green v. Brock Laundry Machine Co.*, 490 U.S. 504, 525–26 (1989), abrogated *Donald v. Wilson*, 847 F.2d 1191 (6th Cir. 1988), on other grounds, as recognized by the Court of Appeals in *Doe v. Sullivan County*, 956 F.2d 545, 551 n.1 (6th Cir. 1992), Congress superseded the holding in *Green* through the 1990 amendment to Federal Rule of Evidence 609(a). Therefore, *Donald* remains good law.

felony convictions are admissible to impeach his character for truthfulness under Rule 609(a)(1)(A).

## B.

Next, Moore asks the Court to preclude reference to his status as an inmate on "death row." [R. 88 at 1–3.] The way Moore sees things, it is simply unnecessary and unfairly prejudicial to describe Moore as a "death row" inmate. [*Id.*] On that point, Moore is right.

Contrary to the correctional officers' positon, [*see* R. 95 at 2 (Response)], it is not necessary, for example, to ascribe Moore that label in order to explain that "more stringent security protocols" applied to him. The fact Moore is considered, in common parlance, a "death row" inmate has no bearing on any fact of consequence in this litigation. *See* Fed. R. Evid. 401. The use of that ubiquitous phrase, instead, carries a substantial likelihood of inflaming the passions of the jury against Moore. [*See* R. 99 at 1–2 (Reply).] Consequently, the Court will exclude any reference to Moore's status as a "death row" inmate.

## C.

Last but not least, Moore objects to the introduction of his prison disciplinary record. [*See* R. 88 at 1–5.] Moore's disciplinary history is not only irrelevant, he argues, [*see id.* at 1–3], but also is unfairly prejudicial, especially so in light of Federal Rule of Evidence 404(b)(1)'s prohibition on the use of so-called propensity evidence, [*see id.* at 3–5]. On the limited record before it, the Court agrees.

Since the parties do not point to specific entries in Moore's disciplinary record, the Court's analysis is necessarily superficial. Still, it seems as though Moore's

disciplinary record has little, if anything, to do with the issue at the core of this action—namely, whether the correctional officers used excessive force when removing Moore from his cell. *See Henderson v. Peterson*, No. C 07-2838 SBA PR, 2011 WL 2838169, at *4 (N.D. Cal. July 15, 2011); *Holloway v. Mitchell-Oddey*, 488 F. Supp. 2d 239, 240 (N.D.N.Y. 2007). Even if particular entries in Moore's record happened to be relevant, there appears to be a distinct risk of unfair prejudice, *see* Fed. R. Evid. 403, particularly so if the jury viewed Moore's prior misconduct as character, or propensity, evidence, *see* Fed. R. Evid. 404(a)(1), (b)(1); *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 1838866, at *5 (N.D. Cal. May 3, 2010); *see also Hynes v. Coughlin*, 79 F.3d 285, 290–93 (2d Cir. 1996); *Lataille v. Ponte*, 754 F.2d 33, 35–38 (1st Cir. 1985). The introduction of Moore's disciplinary record also raises hearsay issues unaddressed in the parties' pretrial briefing. *See* Fed. R. Evid. 801(c), 802; *see also Robinson*, 2010 WL 1838866, at *5–6. Therefore, at this juncture, the Court will exclude the introduction of, and testimony relating to, Moore's disciplinary record.

## IV.

**IT IS HEREBY ORDERED** that Brian Keith Moore's Motion in Limine, [R. 88], is **GRANTED IN PART** and **DENIED IN PART**:

(1)   The fact, though not the substance or details, of Brian Keith Moore's felony convictions is admissible to impeach his character for truthfulness under Federal Rule of Evidence 609(a)(1)(A).

(2)   Any evidence, reference, testimony, or argument regarding Brian Keith Moore's status or incarceration as a "death row" inmate is excluded.

6

(3) No party shall make reference to Brian Keith Moore's disciplinary record without first approaching the Court to explain why such evidence is relevant and admissible under the Federal Rules of Evidence 401, 403, 404, and 802.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record