UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00081-TBR

BRIAN KEITH MOORE,                                                                                   Plaintiff,

v.

PHILIP PARKER, *et al.*,                                                                            Defendants.

## MEMORANDUM OPINION AND ORDER

Brian Keith Moore has filed a motion *in limine* seeking permission to *voir dire* members of the *venire*, or jury panel, following the Court's initial examination. For the reasons explained more fully below, Brian Keith Moore's Motion in Limine, [R. 89], is **DENIED**.

### I.

The general facts of this case are described in the Court's prior opinion, *Moore v. Parker*, No. 5:13-CV-00081-TBR, 2015 WL 3407414, at *1–3 (W.D. Ky. May 26, 2015). Briefly, Brian Keith Moore, an inmate incarcerated at the Kentucky State Penitentiary, filed this 42 U.S.C. § 1983 action against Captain Jay Jones, Sergeant Anthony Hale, and Corrections Officers Richard Moore, Douglas Mumma, and Christopher West in 2013. Though nuanced and subject to many factual disputes, the ultimate issue for the trier of fact to resolve is whether the correctional officers used excessive force when removing Moore from his cell, thereby violating his Eighth Amendment rights.

### II.

Federal Rule of Civil Procedure 47(a) allows the Court, in its discretion, to either "permit the parties or their attorneys to examine prospective jurors," or to conduct that

1

examination "itself." Fed. R. Civ. P. 47(a); *see also Simmons v. Napier*, 626 F. App'x 129, 133 (6th Cir. 2015); *Morrissey v. B.G. Danis Co.*, 779 F.2d 51, 1985 WL 13810, at *1 (6th Cir. 1985) (unpublished table decision). *See generally* 9B Charles Alan Wright et al., *Federal Practice and Procedure* § 2482 (3d ed.), Westlaw (database updated Apr. 2016). If the Court decides to question prospective jurors, "it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper," after finishing its initial examination. Fed. R. Civ. P. 47(a). The scope of questioning during *voir dire*, then, is "generally a matter [left] to the sound discretion" this Court. *Eisenhauer v. Burger*, 431 F.2d 833, 836 (6th Cir. 1970) (citing *Socony Mobile Oil Co. v. Taylor*, 388 F.2d 586 (5th Cir. 1967); *Langley v. Turner's Express, Inc.*, 375 F.2d 296 (4th Cir. 1967); *Kiernan v. Van Schaik*, 347 F.2d 775 (3d Cir. 1965)).

### III.

Moore seeks leave to *voir dire* members of the *venire*, or jury panel, following the Court's initial examination. [*See* R. 89 at 3 (Motion in Limine).] He argues, in principal part, that counsel is more familiar with the factual underpinnings of this litigation and better suited to expose possible juror bias in favor of law-enforcement officers. [*Id.* at 1–3.] To be sure, Moore's counsel is a respected member of the Bar who is certainly well-prepared and qualified to *voir dire* members of the *venire*. For reasons of judicial economy, however, the Court will conduct *voir dire* in accordance with its traditional practice. *See Hicks v. Mickelson*, 835 F.2d 721, 726 (8th Cir. 1987) ("[E]xperience convinces us that the conduct of the voir dire examination by the district court is the most

efficient and effective way to assure an impartial jury and evenhanded administration of justice.").

None of Moore's cited authorities call for a different conclusion. It is true, for example, that the Fifth Circuit Court of Appeals has remarked a "judge cannot have the same grasp of the facts, the complexities and nuances as the trial attorneys entrusted with the preparation of the case." *United States v. Ledee*, 549 F.2d 990, 993 (5th Cir. 1977). "Despite this observation made in dictum, however, the *Ledee* court itself made clear that '[i]n federal courts questioning is generally done by the judge and counsel may submit questions for the jury which the judge may or may not use.'" *Simmons*, 626 F. App'x at 134 (alteration in original) (quoting *Ledee*, 549 F.2d at 993). Ultimately, in light of the district court's wide discretion, the Court of Appeals found no error with the district court's refusal to ask certain questions during *voir dire*. *Ledee*, 459 F.2d at 992–93.

Exercising that same discretion, the Court will conduct *voir dire* in the present action. Following the Court's initial examination, counsel may, of course, approach and submit additional questions, which the Court will ask as it considers proper. *See* Fed. R. Civ. P. 47(a).

### IV.

**IT IS HEREBY ORDERED** that Brian Keith Moore's Motion in Limine, [R. 89], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:     Counsel of Record

3